Matthias, J.
 

 The question presented is whether the substitution of tires manufactured by the appellant for new tires furnished by automobile manufacturers on new automobiles constituted retail sales.
 
 *86
 
 ,It is contended by the Tax Commissioner that the consideration paid for the Dayton tires was new tires of ■other makes, and that the sales tax on the full retail price of Dayton tires should have been collected from the purchasers by the appellant. The appellant contends that the transactions being exchanges of articles for other articles on the sales of which the tax had been •collected by the vendors of new automobiles almost contemporaneously with the sales of the Dayton tires the tax may be collected only on the difference between the prices of the exchanged tires.
 

 The issue presented must be determined by the application of the provisions of Section 5546-1, General •Code. The word “sale” is there defined as follows:
 

 “ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is- or is to be transferred, * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever;
 

 The same section defines “price” as follows:
 

 “ ‘Price’ means the aggregate value in money of .any thing or things paid or delivered, * * * by a consumer to a vendor in the consummation and complete performance of a retail sale * *
 

 Those provisions are clear and unambiguous. When .a sale is made of tangible personal property for cash, for cash and other property, or for other property only, payment of the. sales tax is required. The payment of the part of the assessment, arising from the allowance made on used tires traded in on new Dayton tires, is a virtual concession by the appellant of the applicability of the above-quoted provisions to these •transactions.
 

 The appellant, however, relies on Rule 65 of the Tax
 
 *87
 
 Commissioner dealing with exchanges. That rule is as follows:
 

 “When merchandise upon the sale of which the sales tax has been collected, is exchanged for a taxable article upon the sale of which the same amount of tax should be collected, it is not necessary for the vendor to refund the amount of tax to the consumer and cancel other prepaid tax receipts. \
 

 “If such merchandise is exchanged for a taxable commodity of higher value, the tax may be collected upon the difference in selling price of the two articles.
 

 “When such merchandise is exchanged for an article of lesser value, the tax may be refunded to the consumer, based on the difference in the selling price . of the two articles, provided, however, sufficient tax is retained by the vendor to cover the selling price of the new article. In such case, the . vendor is entitled to make application for reimbursement for the amount of tax which he actually refunded to the consumer, provided application is made within 90 days from the date of the exchange.”
 

 This rule under a fair construction applies only to instances where the vendor accepts in exchange merchandise previously sold by him for other goods whether at the same or different prices; the evident purpose of the rule being to eliminate the necessity of collecting a tax on the second sale and refunding the tax on the first sale. The rule has no application to instances where the property taken in exchange was purchased from a different vendor. Therefore, in those instances where the Dayton Rubber Manufacturing Company sold its tires to the purchasers of new automobiles, and allowed such purchasers credit for the new tires furnished on their automobiles, there were taxable sales and sales tax should have been collected on the full price of the Dayton tires, just as would have been done if a portion of the price had
 
 *88
 
 ¡been paid with any other merchandise or commodity. However, the record in this case discloses that there were instances in which sales were made directly to dealers in new automobiles, who in turn resold the tires to purchasers as part of the equipment on new automobiles. These transactions come within the exception to the definition of “retail sale” as found in ■Section 5546-1, General Code-. That section defines “retail sale” as including “all sales excepting those in which the purpose of- the consumer is (a) to resell the thing transferred in the form in which the same' is, ■or is to be, received by him; * * *.” These transactions are not subject to the sales tax and should not have been included in the assessment.
 

 The appellant complains also about a small amount •of sales tax assessed against it on the purchases of benzol used in cleaning tires, wiping rags and tools used in changing tires. There was evidence that these materials were used and consumed in service operations and not in “making retail sales,” and the Board ■of Tax Appeals properly held such sales subject to the retail sales tax.
 

 The assessment made by the Tax Commissioner and affirmed by the Board of Tax Appeals being erroneous in that it included sales made to the dealers in new automobiles, whose purchases were for the purpose of resale, the decision of the Board of Tax Appeals in that respect is reversed but otherwise it is affirmed.
 

 The cause is remanded to that board for modification in accordance with this opinion.
 

 Decision affirmed in part and reversed in part.
 

 Weygandt, C. J., Turner, Hart and Stewart
 
 ,
 
 JJ., concur.
 

 Zimmerman and Sohngen, J., not participating.